## LUCIUS D. HILL vs. JULIA A. HILL.

A proceeding in the courts of a sister state, confessedly illegal, cannot, in the absence of any allegation of injurious consequences flowing from it, to the plaintiff, or of any attempt to enforce it in any way in the courts of this state, or of any assertion of rights under it here, be made the foundation of an action in this state simply to have such proceeding declared void.

So held in respect to a decree of divorce, obtained in a state court of Michigan, by a wife against her husband; the husband alleging that he was a resident of this state at the time, and that such decree was obtained by his wife fraudulently and unjustly, and without any service of notice of the proceedings upon him.

THIS action is brought to set aside a judgment of a state court in Michigan, which pronounced a decree of absolute divorce between the present parties, in favor of the wife, against the husband. The relief prayed for in the complaint is, that the aforesaid judgment or decree may be declared null and void, and that the marriage contract between the plaintiff and defendant may be and remain in full force and effect. The complaint alleges the residence of the plaintiff at Cairo, in the county of Greene and state of New York, now and for fifteen years last past; that the parties were married in Cobleskill, Schoharie county, in 1832, and subsequently lived and cohabited together till November, 1853, when the defendant wrongfully left the home and residence of the plaintiff and has ever since remained away wrongfully, and without the consent of the plaintiff; and that he, on or about the 15th day of January, 1855, wrongfully and without the plaintiff's consent left the state of New York and went to the state of Michigan for the sole and wrongful purpose of obtaining a divorce from the plaintiff in the courts of Michigan; and that in February, 1856, he wrongfully and fraudulently commenced proceedings for that purpose in the circuit court or court of chancery for the county of Kent, in that state, and in May 1857, he fraudulently and unjustly obtained therein a decree of absolute divorce, which is now wrongfully and unlawfully remaining in full force and effect. The com-

plaint further states that the defendant well knowing the plaintiff's residence to be at Cairo during the pendency of said proceedings, and that he had, and would make, a valid defense to the suit in Michigan, wrongfully, purposely and fraudulently concealed from the plaintiff all notice or information of said proceedings. And the complaint avers entire ignorance and want of notice of said proceedings, during the pendency thereof, and that he did not in anywise appear in person, or by attorney, in said action; that the plaintiff has, in fact, a good and substantial defense on the merits to any action for divorce by the defendant, and would have interposed had he been notified of the proceedings; and that the aforesaid judgment or decree of the Michigan court was knowingly, falsely, fraudulently and unlawfully obtained.

The defendant's answer denies all the fraud, wrong and injustice charged in the complaint, and that the plaintiff had, or has, any substantial defense, on the merits, to the action for divorce, and alleges that the proceedings in the Michigan court were in all respects legally and fairly conducted, and that all the publications and notices required by the laws or practice of the courts of Michigan were published and served on the plaintiff, and that the judgment and decree of said court is in-all respects legal and valid; and that the court had jurisdiction of the action and of the parties, and lawful and competent power to hear and determine the same, and render judgment therein.

The plaintiff was sworn as a witness in the action, against the objection of the defendant, but testified to no material facts beyond those admitted by the pleadings, except that the defendant left him without his knowledge or consent, and that the proceedings in Michigan were conducted without any notice or information to him, whatever.

*K. W. Watson,* for the plaintiff.

*D. K. Olney,* for the defendant.

Hill *v.* Hill.

HOGEBOOM, J. Assuming every allegation contained in the complaint to be true, I am of opinion that it does not set forth facts sufficient to constitute a cause of action. The case presents the simple question whether a proceeding in the courts of a sister state confessedly illegal, without any allegation of any injurious consequences flowing from it to the plaintiff, or of any attempt to enforce it in any way in the courts of this state, or of any assertion of any rights under it here, can be made the foundation of any action here, simply to declare it void. I do not understand that this can be done. The plaintiff has not been in any legal sense injured. He is just as well off now, as he would be with the judgment of this court in his favor. When his wife asserts some right, or commits some wrong under this decree, to his practical injury, or threatens to do so, it will be time enough for him to institute some suit, or obtain some injunction, or interpose some defense against her. If she marries, or cohabits with, another man, he may prosecute the man, in an action for criminal conversation, or sue her, for a divorce. If she sues him for alimony or the expenses of the Michigan proceedings, he can defend against it. If she attempts to take, or keeps from him, the children of the marriage, he can pursue the proper remedy. In short, if she takes any proceeding under the decree which is injurious to him, he may then properly present the question of its legal validity. At present this suit seems to me altogether premature. If decided in favor of the plaintiff, it can only amount to a judicial declaration that the Michigan proceedings are of no effect in this state. This can be as well ascertained by looking into the law books as by taking the opinion of a judge of this court. No practical effect is to follow. Parties might as well ask the advice of this court about ten thousand proceedings that are daily occurring here and elsewhere. It is not like the case of a bill filed by an owner or purchaser of lands to set aside a fraudulent judgment which is a lien upon the lands and a cloud upon the title. The judgment in this action has never been docketed in this state. I do not see that it

ever can be. It awards no costs or alimony. It does not appear, if it did, that there are any lands upon which it could operate. In every adjudicated case in this state where the validity of a divorce granted by the courts of a sister state was involved, the question arose upon some attempt by the one, party or the other to enforce some practical right under the decree. Thus in *Jackson* v. *Jackson*, (1 *John.* 424,) the plaintiff prosecuted for *alimony* allowed her under a decree for divorce granted in a foreign state. In *Pawling* v. *Bird's Executors*, (13 *John.* 192,) the plaintiffs sought to recover *certain moneys* awarded against the defendant's testator under a like decree. In *Borden* v. *Fitch*, (15 *John.* 121,) the suit was for debauching the plaintiff's daughter, whom the defendant had married, when as the plaintiff alleged he had a former wife living, from which wife, as the defendant contended, he had a valid divorce, by the decree of another state. And in that way the decree came in question in the courts of this state. In *Bradshaw* v. *Heath*, (13 *Wend.* 406,) the action was for *dower*. The defense was that the plaintiff was not the widow of the owner of the lands, but the wife of another man still living, to whom she had been previously married. In answer to this defense the plaintiff alleged a legal divorce, by the court of a sister state, from such former husband, and in that way and not otherwise the decree of the latter court came in question. And in *Vischer* v. *Vischer*, (12 *Barb.* 640,) the parties having been married in this state, the husband went to Michigan, and without notice to the wife obtained in the courts of that state a decree of divorce from his wife. He subsequently returned to this state, and married another woman. Then the wife instituted this suit to *obtain a divorce* on the ground of adultery, and it was granted. In all these cases, a proper subject matter of litigation was involved, and the foreign decree was presented, as a matter of evidence to support the prosecution or defense, and not as the direct and substantive cause of action. I think there is no precedent for this action in the past, and that it will afford a dangerous precedent for

the future if it be countenanced. If every illegal declaration or proceeding, even though it assume a judicial form, be allowed to operate as the foundation for a proceeding in court to set it aside, when nothing has been done to carry it into effect, and for aught we know, never will be, the courts will have more to do than has ever been anticipated. The most that can be said against the defendant is, that she has prepared herself with a weapon with which it is possible she may hereafter attempt to make offensive demonstrations against the plaintiff, but has not yet done so, or threatened to do so. When she makes the attempt it will be time enough to determine whether it has sufficient strength to do any mischief.

The complaint must therefore be dismissed, upon the ground that no practical injury has as yet resulted to the plaintiff, nor any substantial right of his, has as yet been infringed by the defendant. The action is premature, and if adjudicated in favor of the plaintiff must be without practical effect upon his rights and remedies, beyond what he now enjoys.

Complaint dismissed with costs.

[GREENE SPECIAL TERM, June 7, 1858. *Hogeboom*, Justice.]